UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBIN WILLIAMS,

    Plaintiff,

v.                              Case No. 18-cv-1355-pp

SAM'S EAST INC.,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT**

The plaintiff, representing himself, filed this complaint on August 31, 2018. Dkt. No. 1. Along with the complaint, he filed a Notice of Right to Sue letter from the Equal Employment Opportunity Commission, dated July 20, 2018, dkt. no. 1-1, and a motion asking the court to allow him to proceed without prepaying the $400 filing fee, dkt. no. 2. The court will grant the plaintiff's motion and will allow his claims to proceed.

**I.    Motion to Proceed Without Prepaying Filing Fee**

The court may allow someone to proceed without prepaying the filing fee if (1) the person can show that he does not have the money to pay the filing fee, and (2) the case is not frivolous or malicious, does not fail to state a claim, and does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§1915(a), (e)(2).

In his affidavit asking to proceed without prepaying the filing fee, the plaintiff states that he is employed at two part-time jobs, "Talborts" (the court assumes he means the women's clothing store "Talbots") and "Learning

1

Express." Dkt. No. 2 at 2. He reports his monthly income as $1,275. Id. (He also worked part-time at Boston Store in the past twelve months, but left that job to work at Talbots. Id.) As expenses, the plaintiff lists a rent payment of $505 a month, a credit card payment of $95 a month and $595 in other household expenses (internet, cell phone, medical, groceries, clothing and other expenses). Id. He also lists a monthly expense of $60 per month for Uber; his expenses total $1,255 a month. Id. at 3. The plaintiff does not own a car or a house, and reports $100 in checking or savings. Id. Based on the information contained in the plaintiff's application, the court concludes that the plaintiff does not have the money to pay the filing fee.

## II.   Screening the Plaintiff's Complaint

Although the plaintiff has shown his inability to pay the filing fee, the court still may deny his request if it finds that his complaint "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). District courts "screen" complaints filed by self-represented plaintiffs who request relief from the filing fee, to determine whether the complaints state a claim, or whether they are frivolous or malicious.

A complaint is frivolous, for purposes of §1915(e)(2)(B)(i), if "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). The court may dismiss a case as frivolous if it is based on an "indisputably meritless legal theory" or where the factual contentions are "clearly baseless." Id. at 32 (quoting Neitzke, 490 U.S. at 327). The standards for deciding whether to dismiss a case for failure to state a claim under §1915(e)(2)(B)(ii) are the same

2

as those for reviewing claims under Federal Rule of Civil Procedure 12(b)(6). DeWalt v. Carter, 224 F.3d 607, 611-12 (7th Cir. 2000).

Under Fed. R. Civ. P. 12(b)(6), the complaint must contain enough "[f]actual allegations . . . to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although a complaint need not contain "detailed factual allegations," a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor." DeWalt, 224 F.3d at 612. Complaints do not need to contain all legal elements plus facts corresponding to each in order to state a claim. Chapman v. Yellow Cab Co-op, 875 F.3d 846, 848 (7th Cir. 2017). "It is enough to plead a plausible claim, after which 'a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" Id. (citing Twombly, 550 U.S. at 563). A court must liberally construe a *pro se* plaintiff's allegations, no matter how "inartfully pleaded." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

The plaintiff's complaint names "Sam's East Inc.," located at "8050 N. 124th St. Milw" as the defendant in his case. Id. at 1-2. It states that on June 7, 2016, the plaintiff applied online for a part-time stacker job at Sam's East, Inc. Dkt. No. 1 at 2. The plaintiff says that he spoke to a manager, "Michelle," later in June of 2016. Id. He told Michelle that he would call her back to set up an interview; the plaintiff says he did call Michelle back over several weeks, but that she never returned his messages. Id. The plaintiff states that he spoke to a

3

male assistant manager on July 6, 2016; only after he spoke to that assistant manager did Michelle call him back on July 7, 2016. Id. The plaintiff alleges that Michelle set up an interview for July 12, 2016, but that Michelle did not show up for that interview. Id. at 1-2. He says that he interviewed with assistant manager "Shawnte" because Shawnte told the plaintiff that Michelle didn't have time; he alleges that the interview went well. Id. at 2.

The plaintiff says that the next day, he interviewed with "LaToya (female) and a male supervisor" because Michelle did not show up again. Id. He alleges that the male supervisor asked the plaintiff about his accent. Id. The plaintiff says that LaToya promised to recommend him for the job, but that Michelle would make the final decision and Michelle would call the plaintiff the next day. Id. The plaintiff says he did not hear from anyone, despite leaving messages. Id. On July 21, 2016, the plaintiff says he spoke to Michelle and that "she asked someone in the background about [his] Jamaican accent." Id. He alleges that Michelle promised to call the next day but didn't. Id. The plaintiff says that he sent two follow-up letters (one certified) to show his interest, but did not hear from anyone. Id. The plaintiff ends by alleging that he was more qualified for the position than the people who were hired. Id. He says he "was refused employment, discriminated against due to [his] national origin, Jamaican, in violation of federal law." Id.

42 U.S.C. §2000e-2(a) makes it an unlawful employment practice for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. §2000e-2(a)(1). At this stage, the plaintiff's complaint alleges facts indicating that his accent had something

4

to do with the reason the defendant did not hire him. The Seventh Circuit has held that "accent is generally recognized as a manifestation of national origin," Hasham v. Cal. State Bd. of Equalization, 200 F.3d 1035, 1050 (7th Cir. 2000), which means that the plaintiff has—at this early stage—alleged sufficient facts to allow him to proceed on a claim that the defendant discriminated against him based on his national origin—Jamaican.

This does not mean that the plaintiff will win his case. It means only that the plaintiff has alleged sufficient facts to allow the case to proceed. The next step in the process will be for the defendant to respond to the complaint. The court will order the complaint served on the defendant.

## III. CONCLUSION

The court **GRANTS** the plaintiff's motion to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that, under 28 U.S.C. §1915(d) and Federal Rule of Civil Procedure 4, the United States Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order on the defendant, Sam's East, Inc.[1] Even though the court has permitted the plaintiff

---

[1] The court notes that Fed. R. Civ. P. 4(h) provides that a person may serve a corporation by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." A Google search of "Sam's East Inc." at 8040 N. 124th Street shows that there is a Sam's Club store at that location. Sam's Club is owned and operated by Walmart Stores, Inc., incorporated in Delaware with its principal place of business at 702 S.W. 8th Street in Bentonville, Arkansas. The State of Delaware Division of Corporations lists the registered agent for Wal-Mart Stores East, Inc. as Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808. It also lists an alternate address of 1209 Orange Street, Corporation Trust Center, Wilmington, DE 19801.

5

to proceed without prepaying the filing fee in this case, the plaintiff remains responsible for the cost of serving the complaint on the defendants. The court advises the plaintiff that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. §1921. The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule appears in Revision to United States Marshals Service Fees for Services. See 28 C.F.R. §0.114(a)(2) and (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for either the court or by the U.S. Marshals Service to waive this cost.

The court **ORDERS** that the defendant shall file a responsive pleading to the complaint within the time frame specified in the summons.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that the plaintiff shall submit all correspondence and legal documents to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 East Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay processing of the case. The plaintiff should retain a personal copy of each document he files with the court.

The court advises the plaintiff that if he does not file documents or take other court-ordered actions by the deadlines the court sets, the court may dismiss his case for failure to prosecute it.

The parties must notify the clerk of court if they have a change of address. Failure to do so could result in orders or other information not being timely received, which could affect the parties' legal rights.

Dated in Milwaukee, Wisconsin this 29th day of January, 2019.

        **BY THE COURT:**

        **HON. PAMELA PEPPER**
        **United States District Judge**