UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROBIN WILLIAMS,

        Plaintiff,

  v.

SAM'S EAST, INC.,

        Defendant.

Case No. 18-cv-1355-pp

---

**ORDER DENYING PLAINTIFF'S MOTION TO PERMIT A CONSULTANT TO SPEAK FOR HER (DKT. NO. 18) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 24)**

---

On August 31, 2018, the plaintiff, a naturalized citizen from Jamaica, filed a complaint representing herself and alleging that the defendant had refused to hire her based on her national origin. Dkt. No. 1. The plaintiff since has filed a motion asking this court to let a consultant "speak for Plaintiff." Dkt. No. 18. The plaintiff also has filed a motion asking the court to appoint counsel to represent her. Dkt. No. 24. The court will deny both motions

**I.    Motion to Permit a Consultant to Speak for Plaintiff (Dkt. No. 18)**

Parties in federal court must litigate their cases "personally or by counsel." 28 U.S.C. §1654. Non-lawyers cannot represent others, even if the non-attorney is an expert in "court-related grievances," <u>Lewis v. Lenc-Smith Mfg. Co.</u>, 784 F.2d 829, 830–31 (7th Cir. 1986); a concerned citizen, <u>Georgakis v. Ill. State Univ.</u>, 722 F.3d 1075, 1077 (7th Cir. 2013); or the plaintiff's own son conferred with the power of attorney, <u>Johnson v. Bank One N.A.</u>, 90 F.

1

App'x 956, 957 (7th Cir. 2004). "Representation" includes more than speaking in court: a non-lawyer may not file motions or sign documents on behalf of the party. Lewis, 784 F.2d at 830–31.

The plaintiff has asked the court to allow Melvin Reed, a "friend and consultant, who has some limited experience in legal matters like this, to speak fully and competently on Plaintiff's behalf." Dkt. No. 18 at 1. The law does not permit a layperson, such as Mr. Reed, to "represent" the plaintiff by speaking for her in court or making legal arguments on her behalf or filing motions. The court notes that already, Mr. Reed has filed a motion asking the court to move forward with the case (dkt. no. 6), and the plaintiff has indicated that Mr. Reed will be appearing for her at a hearing (dkt. no. 27). The court must deny the plaintiff's motion; the law does not allow a layperson such as Mr. Reed to speak on the plaintiff's behalf in court or to file motions on her behalf.

## II. Motion to Appoint Counsel (Dkt. No. 24)

There is no constitutional right to counsel in civil cases, although Congress has given district courts discretion to appoint attorneys for litigants who cannot afford them. 28 U.S.C. § 1915(e)(1); Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court does not have funds to pay a lawyer for every civil plaintiff who asks for one, and there are not enough volunteer lawyers to represent every civil party who asks for one. For this reason, the court grants motions to appoint counsel in very limited situations.

In this district, before the court will consider whether to appoint counsel for someone who asks, the plaintiff must make reasonable efforts to hire

2

counsel on her own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). She can demonstrate this by submitting the names of at least three lawyers whom she's contacted, along with any responses from those lawyers declining to represent the plaintiff. If the plaintiff demonstrates that she has made those efforts, the court will decide "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). To make this determination, the court looks at whether the plaintiff can competently present her case. Pennewell, 2019 WL 1975338 at *3 (quoting Pruitt, 503 F.3d at 654). The "question is not whether the pro se litigant would be as effective as a lawyer, but rather whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a lay person to coherently litigate the case." Id. The court must consider whether the plaintiff can gather evidence, prepare court filings, respond to court filings, respond to motions and navigate discovery. Id.

The court is satisfied that the plaintiff has met the first Pruitt requirement. She alleges in her motion that she has contacted "a half dozen lawyers to no avail." Dkt. No. 24. In her response brief, she explains that none of that half dozen have "agreed to even sit down and talk to the Plaintiff," and that only one has responded. Dkt. No. 26 at 2. As proof, she attaches a letter from Fox & Fox, S.C. declining her case. Dkt. No. 26-1 at 2. This is enough to show that she has made reasonable efforts.

Even so, the court will not appoint counsel for the plaintiff right now. The plaintiff is a high school graduate who has shown that she can explain what happened to her and when. She has clearly and coherently responded to the pleadings the defendant has filed. The court understands that it would be helpful for the plaintiff to have a lawyer. But most plaintiffs who represent themselves ask for a lawyer. Most cannot afford to pay a lawyer. Most are not trained in the law. Because the court can't appoint lawyers for all the people who ask, it cannot appoint counsel at this early stage of the case.

If the case survives the motion to dismiss, the next step in the case will be for the parties to request discovery (information) from each other. The plaintiff will be able to submit questions to the defendant (interrogatories), ask the defendant to admit facts (requests for admission) and ask the defendant for documents (requests for production). The defendant will ask for information from her, as well. The plaintiff will not need a law degree or legal training to engage in the discovery process. If, once the case gets beyond the discovery stage, the court becomes convinced that the plaintiff can no longer handle the case herself, the court will reconsider whether to appoint a lawyer to help her.

The court will discuss the next steps in the case at the hearing scheduled for November 26, 2019.

### III. Conclusion

The court **DENIES** the plaintiff's motion to permit a consultant to speak for her. Dkt. No. 18.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 24.

Dated in Milwaukee, Wisconsin this 19th day of November, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**