# Littler

Littler Mendelson, PC
111 East Kilbourn Avenue
Suite 1000
Milwaukee, WI 53202

Sofija Anderson
414.291.6155 direct
414.291.5536 main
414.918.4788 fax
sanderson@littler.com

July 29, 2020

**VIA MAIL & E-MAIL (WILLIAMSROBIN539@YAHOO.COM)**

Robin Williams
2900 W. Highland Blvd., Apt. 108
Milwaukee, WI 53208

Re: ***Robin Williams v. Sam's East Inc.***
 EDWI Case No. 18-cv-1355-pp
 Plaintiff's Failure To Serve Plaintiff's Rule 26(a)(1) Initial Disclosures and
 Plaintiff's E-Filed Letter Referencing Plaintiff's Written Discovery Requests

Dear Ms. Williams:

Pursuant to the Court's Scheduling Order (Dkt. 51) in the above-referenced matter, Defendant served you with its Rule 26(a)(1) initial disclosures on April 17, 2020. The disclosures were served by mail to your address of record at that time. (See **Attachment A**, enclosed). However, to date, Defendant has not received Plaintiff's Rule 26(a)(1) initial disclosures, which are now woefully overdue according to the deadline established by the Court. (*See* Dkt. 51). Please advise immediately when I can expect to receive your initial disclosures. It is our hope that the parties can resolve this issue informally without the need for a motion and the involvement of the court. Should you be unwilling to correct this failure, please identify a time prior to Friday, July 31, 2020, when you are available to meet and confer regarding your initial disclosures.

In addition, I received ECF notice of the letter you filed with the court on July 20, 2020 (Dkt. 53), in which you indicated that you intended to serve written discovery requests on Defendant. To date, however, I have not received any such requests. To facilitate Defendant's ability to cooperate and timely formulate a response, I respectfully request that you also **e-mail** me a courtesy copy of the requests to my email address at **sanderson@littler.com**. If you are unable or unwilling to send me a courtesy copy by e-mail, I respectfully request a two-week extension of time to serve Defendant's answers, responses, and objections to the requests (*i.e.*, until Friday, September 4, 2020). Please advise at your earliest convenience.

Finally, if you still have genuine interest in potentially settling this matter at this stage of the litigation (*i.e.*, before the parties invest additional time and expense on discovery-related matters that may negatively impact our ability to reach a mutually-agreeable settlement in the future), please let me know. While our settlement discussions during the Wisconsin Equal Rights Division process did not result in an agreement (and the parties valued the case very

differently at that time), federal court is a different venue and may present new discussion points for the parties to potentially reach agreement (*e.g.,* in the context of different procedural rules and different substantive law than was at issue before the Wisconsin ERD).

Thank you for your anticipated cooperation. I look forward to hearing from you soon. If you have any questions or concerns, or would like to set up a call to discuss anything in more detail, please let me know.

Sincerely,

Sofija Anderson
SV/pp
Enclosure (Attachment A - Defendant's Rule 26(a)(1) Disclosures and Certificate of Service)

cc: CLIENT

## Robin Williams v Sam's East-Case #18-CV-1355

From: robin williams (williamsrobin539@yahoo.com)
To: ppanich@littler.com
Cc: sanderson@littler.com; melvintheguru@yahoo.com
Date: Saturday, July 25, 2020, 06:13 PM CDT

Dear Ms. Panich,

I am in receipt of your July 23, 2020 email concerning the above case. First, let me remind you that I will not accept emails from you in the future. I made an exception this one time because I thought it was a possible emergency. I also opened the attachments, definitely something I will not do after today. Please send ALL letters, documents, etc, to my physical home address, which I have given to you recently in my letter to the court dated May 30, 2020.

To be clear, the first time I saw your Rule 26 (a)(1) initial disclosures, dated April 17, 2020, was Thursday, July 23, 2020 with your email dated the same. IF you sent them to me then, to my home address on Wells St., I did not receive them. (And this was BEFORE I moved in May, 2020.) I had not sent my disclosures simply because I had not gotten yours. I will submit my disclosures by Friday, July 31, 2020, or the end of the week. Is this okay? Let me know if hand delivering them to your office via a representative is still acceptable.

Next, I did send my written discovery dated July 16, 2020 via **certified** mail. (7018 3090 0001 7799 8515) I have had this discovery package tracked by the post office. For some odd reason, that discovery, which should have reached your office around Monday, July 20, 2020, was rerouted and forwarded to a distribution center in Carol Stream, Illinois. Based on available information, it should reach your office sometime early next week. If you do not have it by Wednesday, July 29, 2020, I can have it too, dropped off at your office. Of course, I have no problem with giving your client an extension until September 4, 2020.

Finally, regarding a possible settlement, I ask that you re-examine the settlement demand letter I sent to you dated August 2, 2018. Make no mistake, the figure I communicated in that letter, is no more and has gone up. (I promised this would happen if this case made it to federal court.) I will submit a new confidential settlement demand letter soon.

If you have any questions or concerns, please do not hesitate to call me directly, or write to me via regular mail in the future. Stay safe.

Regards,

Robin Williams-Plaintiff
414-215-3687