UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBIN WILLIAMS,

        Plaintiff,

  v.

        Case No. 18-cv-1355-pp

SAM'S EAST, INC.,

        Defendant.

**ORDER DENYING WITHOUT PREJUDICE SECOND MOTION TO APPOINT COUNSEL (DKT. NO. 56), DENYING WITHOUT PREJUDICE PLAINTIFF'S FOLLOW-UP MOTION TO APPOINT COUNSEL (DKT. NO. 58) AND DENYING PLAINTIFF'S MOTION TO ALLOW MELVIN REED TO BE PRESENT AT PLAINTIFF'S OCTOBER 27, 2020 DEPOSITION WITH DEFENDANT (DKT. NO. 61)**

On November 19, 2019, the court denied the plaintiff's motion to permit non-lawyer Melvin Reed to represent her, explaining that the law does not allow non-lawyers to represent parties in federal court. Dkt. No. 30 at 1-2.

The plaintiff also had asked the court to appoint a lawyer to represent her. Dkt. No. 24. In that motion, the plaintiff stated that she was a "naturalized citizen from Jamaica and unfamiliar to these types of matters," and indicated that she had contacted six lawyers, none of whom had agreed to represent her. Id. The court denied the plaintiff's motion without prejudice. Dkt. No. 30 at 5. The court explained that it was not in a position to appoint a lawyer for every self-represented person who asked for one, and noted that the plaintiff is a high school graduate who had clearly and coherently responded to the

1

defendant's pleadings and communicated with the court. Id. at 4. At the end of the order, the court stated that

> [i]f the case survives the motion to dismiss, the next step in the case will be for the parties to request discovery (information) from each other. The plaintiff will be able to submit questions to the defendant (interrogatories), ask the defendant to admit facts (requests for admission) and ask the defendant for documents (requests for production). The defendant will ask for information from her, as well. The plaintiff will not need a law degree or legal training to engage in the discovery process. If, once the case gets beyond the discovery stage, the court becomes convinced that the plaintiff can no longer handle the case herself, the court will reconsider whether to appoint a lawyer to help her.

Id. The deadline for the parties to complete discovery is November 1, 2020. Dkt. No. 51 at 2.

On September 14, 2020, the court received from the plaintiff a second motion to appoint counsel. Dkt. No. 56. That motion says, "In the court's letter, the court ruled that this court will revisit the issue anew, if the Plaintiff's survives the Defendant's Motion to dismiss, which Plaintiff has done." Id. It also indicated that the plaintiff had received communications from other lawyers, "refusing to show a reasonable interest in this case." Id.

On October 14, 2020, the court received from the plaintiff another motion to appoint counsel, which the plaintiff titled "Plaintiff's Follow Up Motion to be Appointed Counsel." Dkt. No. 58. As to the plaintiff's contention that the defendant has not responded to her motion to appoint counsel and therefore that it is unopposed, id., dkt. no. 61 at 1, defendants have no reason to object to (or agree to) a self-represented plaintiff's motion to appoint counsel. It is the court who must try to recruit volunteer counsel, not the defense. The

2

defense does not have a horse in the appointed counsel race, so to speak, and would have had no basis to object to the plaintiff's motion.

More to the point, as evidenced by the excerpt of the court's November 19, 2019 order, the court did *not* say that it would revisit the plaintiff's motion if she survived the motion to dismiss. What the court said was that once the case gets beyond the discovery stage—which it has not—if the court became convinced that the plaintiff could not handle the case herself, it would reconsider whether to appoint counsel. The deadline for completing discovery is November 1, still ten days away. But more to the point, the court has no reason to think that the plaintiff cannot handle the case herself at this point. As the court noted in its November 2019 order, the plaintiff has a high school education. She has stated several times that while she is a naturalized citizen, she is from Jamaica. The court is not sure why the plaintiff's Jamaican origin is relevant. The official national language of Jamaica is English, https://en.wikipedia.org/wiki/List_of_territorial_entities_where_English_is_an_official_language, although Patwa may be the more common spoken language, https://en.wikipedia.org/wiki/Jamaican_Patois. The Jamaican court system probably is different from the American one, but since the plaintiff is not a lawyer in either country, the differences in the two systems do not seem relevant to whether the plaintiff is able to handle the case herself. The plaintiff's August 31, 2018 complaint was well-written, clear and easy for the court to understand, dkt. no. 1, as was her application to proceed without prepaying the filing fee, dkt. no. 2. While the plaintiff is not a lawyer, and is not

an expert in the rules that govern litigation (for example, she filed her Rule 26(a) initial disclosures on the docket, when discovery should be exchanged with opposing counsel and not filed with the court, and she has written letters to the court that do not appear to request any court action, rather than filing motions), she is *very* involved in the litigation of this case. Every document she has filed is clear and coherent. Nothing in the litigation so far has required the plaintiff to have any particular knowledge of the law. The court has no evidence that the plaintiff suffers from mental illness, or has difficulty reading or writing. The plaintiff has provided the court with no reason to believe that she cannot continue to handle the case herself through the discovery stage.

The court noted in its November 2019 order that it can't appoint a lawyer for every self-represented plaintiff who asks for one. The court likely could have been clearer. As of September 30, 2020, the Eastern District of Wisconsin had 889 civil cases filed by self-represented plaintiffs. Most of those plaintiffs asked the court to appoint lawyers to represent them. Many of those plaintiffs were state prison inmates who alleged that their constitutional rights had been violated in prison—that they had been subjected to excessive force or denied medical care or denied their religious liberty. The court does not have a pot of money that it can use to pay lawyers to represent civil plaintiffs (in contrast to criminal cases, in which the Criminal Justice Act provides funds to pay lawyers appointed to represent indigent defendants). In civil cases, the court must ask local lawyers to volunteer to represent plaintiffs without being paid. Only a fraction of the lawyers who practice before the court accept such *pro bono*—

4

unpaid—appointments. Consequently, the court must review each case to determine whether, and when, the case has become so complex that the court needs to begin the process of trying to recruit *pro bono* counsel. The court has cases that have been sitting for many months because it has not been able to find lawyers to take them. Some of those cases were filed by people with little education, who have a hard time reading and writing. Some were filed by people suffering from mental illness. Even so, the court has difficulty finding lawyers to assist these plaintiffs free of charge.

This is why, when the court sees a plaintiff like the plaintiff in this case, whose pleadings indicate that she is intelligent, educated and well-spoken, it cannot agree to recruit counsel for her until it becomes convinced that she cannot manage the case on her own. The court is not convinced that this plaintiff cannot continue to manage the case on her own at this stage. It will deny without prejudice her second motion to appoint counsel, dkt. no. 56, and her follow-up motion to be appointed counsel, dkt. no. 58.

On October 19, the court received from the plaintiff a motion asking the court to "allow" Melvin Reed—the non-lawyer whom the court ruled cannot represent the plaintiff in a federal lawsuit—to be present at her deposition (apparently scheduled for October 27, 2020). Dkt. No. 61. The plaintiff says that she asked defense counsel for an alternative way to depose her given the coronavirus pandemic. Id. at 1. She says that she sent a copy of this request to the court, "hoping that the court, although not allow to take sides, could assist the parties in finding an amicable solution to this issue, on behalf of safety and

5

Case 2:18-cv-01355-PP   Filed 10/22/20   Page 5 of 10   Document 62

cooperation." Id. at 1-2. The plaintiff says that on the day of her letter—October 16, 2020—she asked the defendant "if the Defendant insist on going ahead with this potentially life threatening deposition, to allow Mr. Reed to be present, merely as a witness." Id. at 2. She explains that she was told by defense counsel that because the court had prohibited Mr. Reed from representing the plaintiff, defense counsel believed that she and her staff were prohibited from communicating with Mr. Reed regarding the plaintiff's case and that they would communicate only with the plaintiff. Id. The plaintiff says that she was filing the motion "because [defense counsel], no doubt will not allow Mr. Reed to sit in on Plaintiff's deposition if one is to take place, as a witness without the court's approval." Id. She asks that if the deposition is to take place in person, "and if the Defendant will agree," to allow Mr. Reed to sit in "merely as a witness and take notes." Id.

The court *did* receive two items from the plaintiff on October 14, 2020. One of those items was a letter from the plaintiff to defense counsel, asking defense counsel to make alternate arrangements for the deposition. Dkt. No. 59. The last paragraph of the letter says, "I have sent a copy of this letter to the court, in case there is a need for the court's immediate intervention." Id. The second item was a letter from the plaintiff to defense counsel regarding the plaintiff's dissatisfaction with the defendant's response to her discovery demands. Dkt. No. 60. Toward the end of this letter, the plaintiff says that she sent a copy of this letter to the court because she "ha[d] to do so, to preserve [her] appeal rights, should it become necessary." Id. at 2. She also threatens to

6

file a motion to compel, a motion for sanctions and a motion for immediate summary judgment "if your client continues to try to circumvent this discovery process and pursue taking advantage of [the plaintiff's] pro se status." Id. at 2-3.

Until it received the motion to allow Mr. Reed to be present (Dkt. No. 61), the court had not read the two October 14, 2020 letters. Discovery is a process that takes place between the parties. The court is not involved in that process. Each party serves discovery demands—requests for admission, interrogatories, requests for production of documents, deposition notices—on the other side. If there are disagreements about whether a party has turned over what was requested, or whether a request is too broad or difficult to understand, Federal Rule of Civil Procedure 37 requires the parties to "in good faith confer[] or attempt[] to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." If the parties confer in good faith but cannot work out their differences, the party may file a motion to compel under Rule 37, accompanied by a certification that the parties have conferred in good faith.

Because parties should not be filing their discovery demands or responses with the court, the court did not read the plaintiff's October 14, 2020 filings. The plaintiff appears to believe that by filing copies of her letters to defense counsel with the court, she could induce the court to take some action. The court does not act unless a party asks the court to do so. The way to ask the court to act is by filing a motion. Filing a letter, or copying the court

7

on a letter, does not constitute a motion. If the plaintiff wants the court to intervene, she must file a *motion,* serve a copy of the motion on opposing counsel and give opposing counsel an opportunity to respond. And the plaintiff should *not* file discovery, or letters relating to discovery, with the court.

As for the plaintiff's concerns about participating in an in-person deposition during a pandemic—especially a pandemic that seems to be spiraling out of control in Wisconsin—the court understands those concerns and has heard them in other cases. In some cases, parties have agreed on deposition protocols—the size of the room, where each person will sit, who will wear masks and when (or whether parties will be separated by Plexiglas), the timing of breaks. In other cases, the parties have agreed to remote depositions by video. In fact, the court has on its web site a form stipulation and proposed order agreeing to the conditions for remote depositions. The parties may access that form stipulation and proposed order by logging on to the court's web site, going to the COVID-19 page and scrolling to the "Resources" section at the bottom of that page. The first links in the "Resources" section are links to the form stipulation and proposed order. https://www.wied.uscourts.gov/covid19.

While the court agrees that the plaintiff's concerns about being deposed in person during a pandemic are valid, however, it will not grant her request to order that Mr. Reed be allowed to attend the deposition as a witness. First, the plaintiff's motion is anticipatory. She says that she expects defense counsel to refuse to let Mr. Reed sit in. Maybe she is right, maybe not. But right now, she is asking the court to resolve an issue that does not exist. Second, as the court

8

has noted, the court is not involved in the discovery process. The parties must work together to decide on the location and timing of depositions, how they will take place, who will attend. The court does not intervene in that process unless the parties have a dispute that, after conferring in good faith, they cannot resolve on their own. Again, if that happens, the party seeking relief may file the appropriate motion. The court will not order the defendant to do something that the defendant has not yet refused to do, even if it had the authority to tell the defendant who could be present at the deposition (which it is not certain it does).

As an aside, the court is stymied by the plaintiff's proposal. She expresses a concern about having to attend a deposition in person, presumably because scientists tell us that having several people together inside a closed room puts those people at risk for virus transmission (even if the people socially distance and wear masks). It is curious to the court that the solution the plaintiff proposes to address this concern is to bring *another* person into that closed room, in addition to the people who *have* to be there (defense counsel, the court reporter/videographer, the plaintiff). One would think the plaintiff would want *fewer* people in the room, not more. The court also is not sure what the plaintiff wants Mr. Reed to witness or take notes about, when depositions are required to be recorded, either by a court reporter or by video or both.

That being said, the court notes one other thing. The plaintiff reports that defense counsel told her that because the court had ruled that Mr. Reed

9

could not represent the plaintiff in court, defense counsel had advised the plaintiff that she believed that she and her staff were "prohibited" from communicating with Mr. Reed about the plaintiff's case. The *court* has not prohibited defense counsel from communicating with Mr. Reed. The court has prevented Mr. Reed from representing the plaintiff in court, because a non-lawyer is prohibited by law from representing a party in federal court. That means Mr. Reed may not speak for the plaintiff or file motions or other pleadings for the plaintiff. But the plaintiff is free to authorize anyone to receive information about her case. It is not up to the court to decide whom the plaintiff authorizes to receive information about her case—that is up to the plaintiff. The court has ordered only that Mr. Reed may not act as the plaintiff's legal representative in the federal court proceedings.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's second motion to appoint counsel. Dkt. No. 56.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's follow up motion to be appointed counsel. Dkt. No. 58.

The court **DENIES** the plaintiff's motion to allow Melvin Reed to be present at plaintiff's October 27, 2020 deposition with the defendant.

Dated in Milwaukee, Wisconsin this 22nd day of October, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Court**