ROBIN WILLIAMS,

        Plaintiff,

  v.

Case No. 18-cv-1355-pp

SAM'S EAST, INC.,

        Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL; MOTION FOR SANCTIONS (DKT. NO. 67), GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION TO FILE AN ANSWER TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 78) AND DENYING AS UNTIMELY PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT (DKT. NO. 82)**

On December 4, 2020, over a month after the November 1, 2020 deadline for completing discovery had passed, the plaintiff filed a motion to compel discovery and for sanctions. Dkt. No. 67. The motion asserted that the defendant's discovery responses were "highly incomplete, fractionalized, untruthful and incomplete." Id. at 1. The plaintiff asked the court to sanction the defendant and its counsel, Sofia Anderson, under Federal Rule of Civil Procedure 37. Id. at 3-4. The defendant responded to the plaintiff's motion on December 28, 2020. Dkt. No. 75. The plaintiff filed her reply brief on January 11, 2021. Dkt. No. 79.

On January 11, 2021, the plaintiff filed a motion for an extension of time to respond to the defendant's motion for summary judgment. Dkt. No. 78. The motion is unopposed. The plaintiff filed her opposition brief to the defendants'

1

motion for summary judgment on February 2, 2021, dkt. no. 80, and the defendant filed its reply on February 16, 2021, dkt. no. 83.

On February 2, 2021—a month and a half after the deadline for filing dispositive motions—the plaintiff filed a motion for summary judgment, Dkt. No. 82. The defendant filed an opposition brief on March 4, 2021, dkt. no. 86, and the plaintiff filed a reply brief on March 18, 2021, dkt. no. 89.

## I.     Motion to Compel (Dkt. No. 67)

Federal Rule of Civil Procedure 37 and Civil Local Rule 37 (E.D. Wis.) govern motions to compel. Both rules require that a party filing a motion to compel must certify that the parties met and conferred in a good-faith attempt to work out points of disagreement before involving the court. Fed. R. Civ. P. 37(a)(1); Civil L.R. 37. The party bringing the motion must include a statement that "recite[s] the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." Civil L.R. 37.

The plaintiff did not attach to her motion a certification that the parties met and conferred in good faith to work out the issues that have arisen in the discovery process. She argued in the body of the motion, however, that she had attempted to confer with defense counsel without success. Dkt. No. 67 at 2-3. She attached to her motion several pieces of correspondence:

> An October 14, 2020 letter from the plaintiff to defense counsel, complaining about the substance of the defendant's responses to her discovery requests, including follow-up discovery demands;

2

> An October 29, 2020 letter from defense counsel to the plaintiff, explaining the bases for the defendant's responses to the plaintiff's discovery demands;
>
> A November 17, 2020 letter from the plaintiff to defense counsel, again complaining about the defendant's responses and explanations, including follow-up discovery demands; and
>
> A November 25, 2020 letter from defense counsel to the plaintiff, further explaining the bases for the defendant's responses to the plaintiff's discovery demands but offering to participate in a reasonable meet-and-confer session.

Dkt. No. 67-2 at 57-73.

While the tone of the plaintiff's correspondence with defense counsel, as well as the tone of her pleadings with this court, is accusatory rather than cooperative, the court concludes that the plaintiff made a good faith effort to confer with opposing counsel before filing the motion to compel.

Although she doesn't say it this way, it appears that the plaintiff is asking the court to compel the defendant to provide more extensive, or different, responses to the plaintiff's discovery requests; she alleges that the answers she received were "highly incomplete, fractionalized, untruthful and incomplete." Id. at 1. Fed. R. Civ. P. 37(a)(4) requires the court to treat an "evasive or incomplete disclosure, answer, or response . . . as a failure to disclose, answer, or respond." The plaintiff attached to her motion the defendant's answers to the plaintiff's first set of interrogatories, dkt. no. 67-2 at 15, requests for admission, dkt. no. 67-2 at 33, and requests for production of documents, dkt. no. 67-2 at 46.

The defendant asserted that each of the plaintiff's interrogatories was "vague and ambiguous," pointing to individual words that it asserted were

3

vague. In each response, it followed this objection with a more specific objection to the interrogatory. Then, based on its understanding of the question, it answered the interrogatory. For example, Interrogatory No. 7 asked the defendant to identify all the people employed by the defendant "who worked at the previous stated two store locations from January 1, 2016 who met with Plaintiff at any time on any day in person," and asked for the name, age, race, national origin and employment status of each. Dkt. No. 67-2 at 21. The defendant responded:

> Defendant objects to Interrogatory No. 7 on the grounds that it is vague and ambiguous as to the words "Identify" and "previous stated two store locations." Defendant also objects to Interrogatory No. 7 on the grounds it is vague and ambiguous as to time and seeks information not proportional to the needs of this case. Plaintiff does not bring age-related claims, for example, and therefore, the ages of the requested individuals will not resolve any fact at issue in this matter. Defendant objects to this request on the grounds it seeks information equally available to Plaintiff. Subject to these objections, and without waiving them, and based on Defendant's understanding of the words used in the interrogatory, Defendant answers as follows: On or about July 13, 2016, Plaintiff was interviewed by then Assistant Manager (current Academy Facilitator) LaToya Curry. Then Team Lead (current TBC Tire Technician) Jerry Johnson was present during this interview. Walmart is currently unaware of any other individuals who spoke with Plaintiff during the requested time frame.

Id.

There was a similar pattern regarding the plaintiff's requests for admission. For example, the plaintiff asked the defendant to admit that someone named Michelle Peterson "called and spoke to Plaintiff on the telephone on June 21, 2016, and tried to arrange an interview with Plaintiff for the same day, June 21, 2016." Id. at 35. The defendant first objected that the

4

request was vague and ambiguous as to the terms "tried" and "arrange." Id. But subject to that objection, the defendant responded: "Defendant has made a reasonable inquiry with respect to this request and the information known or readily obtainable by it is insufficient to enable it to admit or deny this request." Id.

Similarly, one of the plaintiff's requests for production asked the defendant to "[p]roduce a copy of any document reviewed to aid the Defendant during the preparation of the Defendant's answer to this discovery." Dkt. No. 67-2 at 48. The defendant responded, "Defendant objects to Request No. 1 on the grounds that it is vague and ambiguous as to the words 'any document,' 'reviewed,' 'during the preparation,' and 'this discovery.'" Id. The defendant then provided a more specific objection: "Defendant also objects to Request No. 1 because it calls for privileged information including information protected from discovery by virtue of the work product doctrine and attorney-client privilege." Id. Subject to those objections, however, the defendant stated that it "will produce the relevant non-privileged responsive documents in its possession, custody, or control and refers Plaintiff to all documents produced herewith and Bates-stamped as WALMART_R_WILLIAMS-000001-000038." Id. Looked at in its totality, the response seems to sufficiently convey the reason for the defendant's objection. It also provides details on what the defendant has done to comply with the plaintiff's request.

The defendant objected to a number of the plaintiff's interrogatories, requests for admission and production of documents in this fashion—by

5

objecting but then responding subject to the objection. The defendant simply responded to many of the plaintiff's discovery demands without posing any objections. The defendant responded, however, to every demand.

The Federal Rules of Civil Procedure allow a party to object to discovery demands, Fed. R. Civ. P. 34(b)(2)(C), and the plaintiff has not identified specific problems with the defendant's objections. She describes those responses as "incomplete," "fractionalized" and "untruthful." But she does not explain what answers, admissions or documents she believes she should have received that she did not. She has not explained what she believes the defendant should have done differently. She has not explained what is "untruthful" about the defendant's answers. A party is not entitled to anything it asks for in discovery, nor is it entitled to insist on certain answers that conform to that party's view of the case.

The defendant has provided a substantial amount of discovery, especially given the context of the lawsuit. The plaintiff's amended complaint states a single claim: that the defendant discriminated against the plaintiff based on her national origin and her accent, in violation of Title VII, when it did not give her a position after a job interview. Dkt. No. 36 at ¶21. The events alleged in the amended complaint span a period of, at best, a month. They involve only five people. Id. at ¶¶7-17. The defendant states that for this single claim, it has answered twenty interrogatories and fifty requests for admission, in addition to producing six hundred and sixty-one pages of documents. Dkt. No. 75 at 1-2.

The amount of discovery the defendant has produced contradicts the plaintiff's allegations that the defendant has not complied with her discovery demands.

The motion to compel also was untimely. The plaintiff filed correspondence that, if authentic, indicates that the defendant's discovery responses were dated September 4, 2020. Dkt. No. 60 at 1; see also Dkt. No. 67 at 1. That letter was dated October 14, 2020—over a month later; in it, the plaintiff stated that she had "finally had an opportunity" to review the discovery responses. Dkt. No. 60 at 1. The October 14, 2020 letter was dated eighteen days before the November 1, 2020 discovery cut-off. See March 12, 2020 scheduling order setting November 1, 2020 discovery deadline, Dkt. No. 51.

The defendant responded to the plaintiff's October 14, 2020 letter in a letter dated October 29, 2020, further explaining its objections. Dkt. No. 67-2 at 64-66. The discovery period ended on November 1, 2020. Over two weeks later, on November 17, 2020, the plaintiff sent defense counsel what she characterized as a "follow-up" letter, dkt. no 63; dkt. no. 67-2 at 70-71, as well as "follow-up" arguments about why she believed the defendant's responses were not sufficient, dkt. no 67-2 at 67-69. In the "follow-up" letter, the plaintiff stated that defense counsel's October 29, 2020 letter "only arrived at [her] house" early the previous week (which would have been the week of November 9, 2020). Dkt. No. 67-2 at 70. On November 25, 2020, defense counsel responded, explaining yet further the bases for the defendant's objections. Dkt. No. 67-2 at 72-73.

On December 4, 2020, *thirty-three days* after the close of discovery, the plaintiff filed this motion to compel. Dkt. No. 67. In her reply brief in support of the motion to compel, the plaintiff says that the court should consider the motion timely because "[a]lthough discovery had closed," "no date had been established on when [motions to respond to discovery] were to take effect." Dkt. No. 79 at 1-2. She asked why, if discovery had closed, defense counsel kept responding to her requests. Id. at 2. She asserts that she had kept the court "apprised along the way that the Defendant was not complying with Plaintiff's lawful discovery request, every step of the way by way of the cover letters sent to the Defendant which were also sent to the court . . . ." Id.

The court has broad discretion over the discovery process. Packman v. Chi. Tribune Co., 267 F.3d 628, 646 (7th Cir. 2001). Although it appears that the plaintiff believed, well in advance of the November 1, 2020 discovery cut-off, that the defendant's responses were deficient, she wanted until a month after the discovery cut-off to file the motion to compel. Courts commonly deny motions to compel filed after the close of discovery. See, *e.g.*, Justise v. Zenith Logistics, Inc., 186 F. App'x 680, 682-83 (7th Cir. 2006) (denying motion to compel after discovery had closed and summary judgment motion filed); Packman, 267 F.3d at 647 (denying motion filed after discovery had closed and the summary judgment briefing schedule had been set); Rossetto v. Pabst Brewing Co., Inc., 217 F.3d 539, 542 (7th Cir. 2000) ("The motion was filed two months after the date set by the court for the completion of discovery. The plaintiffs gave (and give) no excuse for their tardiness, and so have no grounds

8

for complaining about the district court's welcome effort to expedite the litigation and spare the parties the expense of protracted discovery, the bane of modern litigation.); Henneman v. Fed. Check Recovery, No.10-c-746, 2011 WL 1900183, *2-3 (E.D. Wis. May 19, 2011).

The plaintiff asks why, if discovery had closed, defense counsel responded to her letters and other contacts. The fact that defense counsel did not ignore the plaintiff and continued to try to explain why it had responded the way it did is not relevant to the question of whether discovery had closed.

The plaintiff appears to believe that by copying the court on her various letters to defense counsel, she avoided the need to file a motion to compel. This is not the way litigation works. The parties are not supposed to file discovery—including correspondence about discovery—with the court. They are to exchange discovery, and communicate about discovery, with each other. The fact that a party files a letter addressed to opposing counsel with the court requires no action on the court's part. If a party wishes a court to take action, the way to make that request is to file a motion, not to copy the court on correspondence between the parties.

Finally, even if the plaintiff's motion had been timely, the court would not have granted it. A number of the plaintiff's discovery demands were unreasonable. Interrogatory #2 in the plaintiff's first set of interrogatories asked the defendant to identify "ANY discrimination lawsuit or litigation either on the state or federal level the Defendant has been named as a Respondent or Defendant from January 1, 2016 to the present." Dkt. No. 67-2 at 1. This

9

request is overly broad. The plaintiff claims that the defendant discriminated against her based on her national origin and her accent. Certainly she may enquire whether the defendant has been sued on that basis within a reasonable period of time, but demanding that the defendant identify any state or federal lawsuit based on "discrimination" of any sort seeks information beyond the subject of this lawsuit. Interrogatory #11 asked the defendant to identify "ALL of the persons from May, 2016 to May, 2018 hired by the Defendant to work in the same or similar position Plaintiff had applied for from May 1, 2016 to December 31, 2016." Id. at 3. This interrogatory is vague—the plaintiff does not define what she means by "similar" position. Interrogatory #20 asks the defendant to identify every applicant hired "by the Defendant for the position Plaintiff applied for in June, 2016, from July 1, 2016 to June 30, 2017," and demanded each applicant's name, age, race and national origin, as well as the status of each employee, when they left the defendant's employee and why, the name of the person who decided to hire the applicant "and why each applicant was hired and not Plaintiff." Id. at 4. This request is extremely broad; the plaintiff asks for information about people hired as much as a year after she applied for the position she did not receive, and appears to assume that even a year later, the defendant was weighing the decision to hire others against the decision to hire her.

The defendant has provided substantial discovery to the plaintiff. The motion to compel is without merit and the court will deny it.

## II. Motion for Sanctions (Dkt. No. 67)

The plaintiff also asked the court to impose sanctions under Fed. R. Civ. P. 37. Dkt. No. 67 at 3-4. The plaintiff alleges that the defendant's conduct has been "dishonest[]," "aberrant," "illegal" and "uncooperative." Id. The court has concluded that the defendant complied with the plaintiff's discovery demands. There is no basis for the court to award sanctions. The court will deny this motion.

## III. Motion for Extension of Time to Respond to the Defendant's Motion for Summary Judgment (Dkt. No. 78)

The deadline for filing dispositive motions was December 18, 2020. Dkt. No. 51. On that date, the defendant timely filed a motion for summary judgment, dkt. no. 68, an accompanying brief, dkt. no. 69, and proposed findings of fact, dkt. no. 70. The plaintiff's opposition materials would have been due on or before January 17, 2021.

On January 11, 2021, the plaintiff filed an unopposed motion for an extension of time to respond to the motion for summary judgment. Dkt. No. 78. The plaintiff asked for an extension until February 1, 2021, "[i]n view of Plaintiff needing more possible information from the discovery material being withheld to answer this motion and as the court has not yet ruled on Plaintiff's Motion to Compel and because of the complexity of the issues in the Defendant's motion." Id.

The court did not timely rule on that motion. But on February 2, 2021, the court received the plaintiff's opposition brief. Dkt. No. 80. In that brief, she asked the court to "allow an amended brief be filed once the court rules on

11

Plaintiff's Motion to Compel and Motion for Sanctions and if any additional withheld documents are released by the Defendant." Id. at 10.

The court has denied the plaintiff's motion to compel and motion for sanctions. The court will grant the plaintiff's unopposed motion for an extension of time and will deem the plaintiff's February 2, 2021 opposition brief timely filed. There is no need for the plaintiff to file an amended brief, because the court has not ordered the defendant to turn over any additional discovery (given its conclusion that the defendant had complied with the plaintiff's discovery demands).

**IV.     Plaintiff's Motion for Summary Judgment (Dkt. No. 82)**

On February 2, 2021, the plaintiff filed a cross motion for summary judgment. Dkt. No. 82. As the court has noted, the deadline for filing dispositive motions was December 18, 2020. Dkt. No. 51. The plaintiff's motion was almost two months late.

More to the point, however, the plaintiff's motion does not comply with this court's Civil Local Rule 56. The plaintiff's motion consists of a single paragraph. It states:

> Plaintiff is pro se. In view of the mountain of evidence presented in the enclosed Plaintiff's Opposition to Defendant's Motion for Summary Judgment, Plaintiff agrees with the Defendant that there is no need to take this case to trial. Accordingly, Plaintiff Motions the court to dismiss or deny the Defendant's Summary Judgment Motion and grant Plaintiff's Summary Judgment instead.

Dkt. No. 82.

Civil Local Rule 56(b)(1) says that a party who files a motion for summary judgment must file "a memorandum of law," "a statement setting forth any

12

material facts to which all parties have stipulated," "a statement of proposed material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to judgment as a matter of law" and "any affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c)." As to the statement of proposed material facts, the rule requires the statement to contain short, numbered paragraphs, "each containing a single material fact, including within each paragraph specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the fact describe in that paragraph." Civil L.R. 56(b)(1)(C)(i). It provides that "failure to submit such a statement constitutes grounds for denial of the motion." Civil L.R. 56(b)(1)(C)(iii).

The plaintiff did not file a memorandum of law (brief) or a proposed statement of material facts. Instead, she filed a five-page affidavit and sixty-one pages of other documents. Dkt. No. 81. The plaintiff was aware of Civil L.R. 56, because defense counsel included it (as she was required to do by the local rule) in her motion for summary judgment. See Dkt. No. 68 at 3-6. The plaintiff's failure to follow the local rule—failure to file a brief explaining why she believed she was entitled to judgment as a matter of law and failure to file a proposed statement of material facts complying with Civil L.R. 56(b)(1)(C)(i)— requires denial of her motion.

**V.     Defendant's Motion for Summary Judgment (Dkt. No. 68)**

The defendant's motion for summary judgment has been fully briefed since February 16, 2021. The court regrets that it has not yet been able to

13

address the motion due to the number of matters on its docket and the backlog of scheduled trials created by the COVID-19 pandemic. The court hopes to give the parties a decision soon.

## VI. Conclusion

The court **DENIES** the plaintiff's motion to compel and motion for sanctions. Dkt. No. 67.

The court **GRANTS** the plaintiff's motion for an extension of time to file her opposition materials to the defendant's summary judgment motion. Dkt. No. 78. The court **FINDS** that the plaintiff's February 2, 2021 opposition materials (Dkt. Nos. 80, 81) were **timely filed**.

The court **DENIES** the plaintiff's cross motion for summary judgment because it was not timely filed and because it does not comply with Civil L.R. 56. Dkt. No. 82.

Dated in Milwaukee, Wisconsin this 27th day of September, 2021.

                          **BY THE COURT:**

                          _____
                          **HON. PAMELA PEPPER**
                          **Chief United States District Judge**